IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FILED
APR 0 9 1997
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| BILLY MOORE, JANICE MOORE and GREG MOORE, <br><br> Plaintiffs <br><br> v. <br><br> HALLIBURTON COMPANY, <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) |

CV NO. 96-HM-3017-J

ENTERED
APR 1 1 1997

## MEMORANDUM OPINION

The above-entitled civil action is currently before this Court on the Motion to Transfer filed herein by Defendant Halliburton Company ["Halliburton"][1] on December 30, 1996. This Motion seeks to have this Court transfer venue of this action to the United States District Court for the Eastern District of Texas, Tyler Division, pursuant to the authority of 28 U.S.C. § 1404(a). For the reasons hereinafter stated, this Court finds that the Motion to Transfer is due to be granted.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 20, 1996 Plaintiffs Billy Moore, Janice Moore, and Greg Moore filed their complaint directly in this Court against Defendant Halliburton. Plaintiffs alleged that they are resident citizens of Marion County, Alabama and that the Defendants are foreign corporations which do not have their principal places of business in the State of Alabama. It is further alleged by Plaintiffs that the amount in controversy in this civil action

---

[1]Movant/Defendant Halliburton alleges in its Motion to Transfer that it was improperly designated in Plaintiff's First Amdeded Complaint as "Halliburton Company" and that its correct legal name is "Halliburton Energy Services, Inc."



exceeds the sum or value of $50,000.00,[2] exclusive of interest and costs. Therefore, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

Plaintiffs allege in their Complaint that on or about Saturday, October 12, 1996 at approximately 5:00 PM in Rusk County, Texas Plaintiff Billy Moore was driving a Nissan pickup truck as an escort to a truck driven by his son, Plaintiff Greg Moore, which was delivering a mobile home from Red Bay, Alabama to a location in Texas. It is further alleged that at this same time and place a vehicle owned by Defendant Halliburton and being driven by their agent, Patrick Brian Raspberry,[3] within the line and scope of his employment with Defendant Halliburton was meeting the vehicle being driven by Plaintiff Billy Moore. Plaintiffs allege that Mr. Raspberry, acting as agent for Defendant Halliburton, negligently or wantonly failed to yield the right-of-way to Plaintiff Billy Moore's pickup when Mr. Raspberry attempted to make a left-hand turn in front of Billy Moore and across the lane in which Plaintiff Billy Moore was traveling.

Having received extensive personal injuries in the accident which followed, Plaintiffs allege that Billy Moore was transported by helicopter to a hospital in Tyler, Texas where he remained in intensive care for ten (10) days. Thereafter, it is alleged by Plaintiffs that Billy Moore was transported to Lake Shore

---

[2]Since this action was filed before Congress raised the federal jurisdictional threshold in diversity cases to $75,000.00 on January 17, 1997 the former requirement of $50,000.00 applies to this case.

[3]Mr. Raspberry is not a party to this civil action.

Rehabilitation Center in Birmingham, Alabama where he remained hospitalized as of the date of the filing of Plaintiff's complaint.[4]

Plaintiff Billy Moore claims damages from Defendant Halliburton as a result of the negligence of their alleged agent Raspberry including compensation for past and future medical bills, present and future lost wages and past and future emotional distress. Plaintiff Janice Moore, Billy Moore's wife, seeks compensation for loss of consortium and past and future mental anguish as a result of Defendant Halliburton's alleged negligence or wantonness. Plaintiff Greg Moore, Billy Moore's son and owner of the pickup involved in this accident, seeks compensation for the complete loss of his truck, lost income from the pickup, and lost wages incurred while he remained in Texas while his father was in intensive care.

Under date of December 6, 1996 Plaintiffs filed as of right their First Amended Complaint. In this amendment, Plaintiffs reidentified Defendant as Halliburton Company, having named them Halliburton Oil Producing Company in their Original Complaint. On December 10, 1996 filed a Second Amended Complaint without leave of Court, attempting to name Halliburton Energy Services as an additional defendant and to clarify that Patrick Brian Raspberry was merely the agent of Defendant Halliburton and not a separate Defendant.[5] No summons was issued to the purported new defendant.

---

[4] Plaintiffs' Complaint alleged that Billy Moore was expected to remain in the Birmingham hospital for thirty (30) days. This Court has not been informed as to whether Mr. Moore has to date been able to return home.

[5] In light of the transfer of this action, this Court has not taken any action on this purported Second Amended Complaint. However, since a party may only amend his complaint once as of

3

On December 30, 1996 Defendant Halliburton filed a Motion to Transfer Pursuant to 28 U.S.C. § 1404(a), urging this Court to transfer this civil action to the United States District Court for the Eastern District of Texas, Tyler Division. Defendant has not yet filed an Answer to Plaintiffs' Complaint.

## DISCUSSION

The decision to transfer a case to another district is left to the sound discretion of the trial court. See *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. Unit B, July 1981). Absent a clear abuse of discretion, an appellate court will not reverse a trial court's decision to transfer a case. See *Howell*, 650 F.2d at 616. These principles were reaffirmed by the Eleventh Circuit in 1991. See *Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1997 (11th Cir. 1991). Leading commentators have acknowledged this, writing:

> It is entirely settled that an order granting or denying a motion to transfer under 28 U.S.C. § 1404(a) is interlocutory and not immediately appealable under 28 U.S.C. § 1291. The order can be reviewed on appeal from a final judgment in the action although it is very unlikely to constitute reversible error at that stage of the case and in any event if a transfer was made from a district court in one circuit to a district court in another, the court of appeals in the latter circuit cannot directly review the action of the first district court in ordering transfer. . . . The propriety of some form of interlocutory review seems quite clear if the issue goes to the power of the district court to make the order it did and only a question of law is presented. But a very compelling argument can be made that if there is no question of power, and the only issue is whether the district judge exercised his discretion properly in considering the factors mentioned in the statute in granting or refusing the transfer, interlocutory review ought not to be available. This is the view of the commentators, it is the view of the American Law Institute,

---

right, this Court notes that this Second Amended Complaint is due to be stricken. See Fed. R. Civ. P. 15(a).

and it has been the view of many distinguished appellate judges.

Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3855 (1985).

The statute authorizing transfer of venue, 28 U.S.C. § 1404(a) reads as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The United States Supreme Court, explaining this statute, has noted:

> When Congress adopted § 1404(a), it intended to do more than just codify the existing law on *forum non conveniens*. As this Court said in *Ex parte Collett*, 337 U.S. 55, 61, Congress, in writing § 1404(a), which was an entirely new section, was revising as well as codifying. The harshest result of the application of the old doctrine of *forum non conveniens*, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer. When the harshest part of the doctrine is excised by statute, it can hardly be called mere codification. **As a consequence, we believe that Congress, by the term "for the convenience of parties and witnesses, in the interest of justice," intended to permit court to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader.**

*Norwood v. Kirkpatrick*, 349 U.S. 544, 546 (1955)(emphasis added). Plaintiff's statutory privilege of choosing his forum is not the controlling factor in determining whether a federal district court can, for the convenience of parties, and in the interest of justice, transfer an action to another district court. Ultimately the trial judge must use his discretion. *See Garner v. Wolfinbarger*, 433 F.2d 117, 119 (5th Cir. 1970).

Moving Defendant Halliburton, in support of its Motion to Transfer, lists several factors which allegedly weigh in favor of

5

transfer. First, Halliburton notes that the accident made the basis of this action occurred in Rusk County, Texas. Since this is a diversity case, this federal district court sitting in Alabama, in conformity with Eleventh Circuit Court of Appeals binding precedent, is required to follow the conflict of laws rules of the state in which it sits. *See Geiese-Traylor Corp v. First Nat'l Bank of Birmingham*, 572 F.2d 1039, 1042 (5th Cir. 1978).[6]

The conflict of laws rules of the State of Alabama provide powerful and persuasive support to Defendant's 28 U.S.C. § 1404(a) Motion to Transfer the above-entitled personal injury civil action to the United States District Court for the Eastern District of Texas, the federal judicial district in which Plaintiff Billy Moore's October 12, 1996 accident occurred. In tort actions, Alabama continues to apply the traditional choice of law principle of *lex loci delicti* as established by the Alabama Supreme Court in the famous case of *Alabama Great S. R.R. Co. v. Carroll,* 97 Ala. 126 (1892). *See Fitts v. Minnesota Mining & Mfg. Co*, 581 So. 2d 819, 820 (Ala. 1991). Under the principle of *lex loci delicti* an Alabama court will apply the substantive law of the state in which the tort occurred.

Thus, if the above-entitled civil action remains and is tried in this United States District Court for the Northern District of Alabama in its Jasper Division where it was filed by Plaintiff, this Court will and must determine Plaintiffs' substantive rights according to the law of the State of Texas where Plaintiff Billy Moore's injury

---

[6]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) the Eleventh Circuit adopted as binding precedent all cases decided by the Fifth Circuit Court of Appeals handed down by the close of business on September 30, 1981.

occurred. This undeniable law and fact, together with this federal district court's unfamiliarity with the governing laws in Texas weighs heavily in support of the Defendant's Motion to Transfer.

Defendant Halliburton also points out that the two known eyewitnesses to the accident, Jerry Combs and Nathan Cummings, reside in the State of Texas. Moreover, Halliburton notes, its employee and driver of the other vehicle involved in the accident, Mr. Raspberry, as well as all physicians and health care providers who treated Plaintiff Billy Moore initially reside in the Eastern District of Texas. Therefore, this federal court sitting in Alabama will lack the power to compel the attendance at trial of theses crucial witnesses.[7]

Movant/Defendant Halliburton finally observes that both vehicles involved in this accident remain located in the Eastern District of Texas. Additionally, all employees of this Defendant corporation with information relative to this accident and the surrounding circumstance reside in Texas. Defendant Halliburton urges that all of the foregoing facts and circumstances combine to strongly favor transfer to the Eastern District of Texas.

Plaintiffs, in response to Defendant's Motion to Transfer, make basically two arguments. First, they note the burden that would be placed on Plaintiff Billy Moore physically to travel to Texas to litigate this action. Mr. Moore suffered a closed head injury and as of the date of Plaintiff's response to the Motion to Transfer,

---

[7]In point of fact, Defendant properly notes that the only witnesses over which this Court will only have compulsory process are Plaintiffs and Billy Moore's Birmingham health care providers.

7

January 22, 1997, has been able to return to work for only four hours per day and is unable to travel long distances. Secondly, they note that witnesses that would be called by Plaintiff Billy Moore regarding his treatment in Birmingham and his loss of future earning capacity reside in Alabama and that their appearance to testify live at trial would be very burdensome if trial is moved to Tyler, Texas.

It appears to this Court that there will be a burden to get certain witnesses to trial regardless of whether this case remains in this Court or is transferred to Texas. However, the two ostensibly impartial eyewitnesses to this accident, Messrs. Combs and Cummings, who will provide crucial testimony on the basic issue of liability cannot be compelled by this Court to attend trial in Alabama. Furthermore, as discussed above if this Court denies the Motion to Transfer and retains this case it will be obliged to apply the substantive law of the State of Texas. A Texas federal district court is clearly better suited to make determinations of the Texas state law that it routinely applies, whereas this Court rarely if ever does so. Finally, the accident site as well as the physical evidence of the wrecked cars remains in the State of Texas. Viewing the site or the wrecked cars may prove desirable at some point in this litigation and this Court simply could not accommodate such a need. For these reasons it appears to this Court in the exercise of its sound and broad discretion that this civil action should be transferred to the Eastern District of Texas.

## CONCLUSION

For the reasons hereinabove stated and in the exercise of its sound discretion to the fullest extent permitted by law in a 28

U.S.C. § 1404(a) proceeding, this United States District Court sitting in Alabama is of the opinion and now holds that the Motion to Transfer filed herein by Defendant Halliburton Company on December 30, 1996 is due to be granted. An appropriate order in conformity with this Memorandum Opinion is contemporaneously entered.

    DONE and ORDERED this 9th day of April, 1997.

_____
E.B. HALTOM, JR.
SENIOR UNITED STATES DISTRICT JUDGE


FLORENCE, ALABAMA ADDRESS:

U.S. District Court
Northern District of Alabama
U.S. Post Office & Courthouse
210 North Seminary Street
P.O. Box 1076
Florence, AL 35630
Telephone: (205) 760-8415